IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ALLISON-KATHLEEN LEBLANC,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 1:24-00209-KD-MU |
| | ) |
| **MIS INC.,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on pro se Plaintiff Allison-Kathleen LeBlanc's ("Plaintiff") Motion for Continuance and Leave to Amend Complaint. (Doc. 29). Upon consideration, and for the reasons set forth herein, the Court **ORDERS** as follows:

1. Plaintiff moves for leave to amend the complaint under Fed. R. Civ. P. 15(a)(2) "to rectify any misunderstandings and ensure that the claims are presented clearly, aiding in the just determination of the case." (Doc. 29 at 3). However, Plaintiff's motion fails to "state specifically what changes are sought by the proposed amendments" or file the proposed amended pleading as an attachment to the motion to amend as required by local rule. See S.D. Ala. CivLR 15(b). Plaintiff's motion for leave to amend the complaint is therefore **DENIED** for failing to comply with the Local Rules of this Court.

2. Plaintiff is **ORDERED** to respond to Defendants Regions Bank ("Regions") and the Federal Home Loan Mortgage Corporation's ("Freddie Mac") Motion to Dismiss Amended Complaint for Lack of Subject Matter Jurisdiction and for Failure to State a Claim, (Doc. 13), as well as Defendants Sheriff Huey Mack ("Mack") and Deputy Clarence Herring's ("Herring") Amended Motion to Dismiss, (Doc. 23), by **September**

17, 2024.[1] Defendants shall file any reply by **September 24, 2024**. **Failure to respond as directed will result in dismissal of this action.**

3. Defendant MIS Inc. ("MIS") filed a motion to dismiss for lack of personal jurisdiction and improper service of process or in the alternative to quash service on August 9, 2024. (Doc. 11). Plaintiff now asks for an additional 30 days "to properly serve the defendants." (Doc. 29 at 7). However, the 90-day Rule 4(m) deadline against MIS was set for September 23, 2024. (See Doc. 1). Because Plaintiff has until September 23 to serve MIS, her request is premature at this time.[2]

4. Plaintiff is cautioned that "[a]n action filed on behalf of the estate must be brought by the executors."[3] Douglass v. Jones, 628 So. 2d 940, 941 (Ala. Civ. App. 1993) (citing Stone v. Jones, 530 So. 2d 232 (Ala. 1988)). Plaintiff may not file claims on behalf of another person. Moreover, "[i]t is well settled in Alabama that a third person has no rights under a contract between others unless the contracting parties [i]ntend that the third person receive [d]irect benefit enforceable in court as opposed to an incidental benefit." Fed. Mogul Corp. v. Universal Constr. Co., 376 So. 2d 716, 723–24 (Ala. Civ. App. 1979). Accordingly, Plaintiff does not have a cause of action for any breach of contract relating to the mortgage on the real property unless she was a party to the contract or an intended third-party beneficiary of the contract.

**DONE** and **ORDERED** this **5th** day of **September 2024**.

s / Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff was already ordered to file a response to Regions and Freddie Mac's motion by August 26, 2024, (see Doc. 14), and Mack and Herring's amended motion by September 3, (see Doc. 24).
[2] Rule 4(m)'s 90-day period is an "irreducible allowance," not "an outer limit subject to reduction." Henderson v. U.S., 517 U.S. 654, 661 (1996).
[3] The Amended Complaint describes Plaintiff as "Allison-[K]athleen of house Leblanc, located in Robertsdale, Baldwin County, Alabama, acting on behalf of herself and the estate of Kathy B. Heindl." (Doc. 6 at 1).