# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ALLISON-KATHLEEN OF HOUSE LeBLANC, YOUR ORATOR, *et al.*, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Civil Action No. 24-00209-KD-MU |
| MIS, INC., REGIONS BANK, FREDDIE MAC, MO'S TOWING LLC, DEPUTY SHERIFF CLARENCE HERRING, and BALDWIN COUNTY SHERIFF HUEY HOSS MACK, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## **ORDER**

This action is before the Court on the Motion for Temporary Restraining Order filed by Plaintiff Allison-Kathleen of House LeBlanc, Your Orator (doc. 42). Plaintiff seeks a temporary restraining order against "William Tyndall and Dewey McGowan, officers and associates of MIS, Inc., a foreign corporation; and 'Officers' and 'Deputies' of the Baldwin County Sheriff's Office" to

  1. Prohibit the disposing of, damaging, or destroying our property.

  2. Prohibit them from imposing any conditions, such as settlement of this case, for the retrieval of Plaintiffs' property.

  3. Allow Plaintiffs immediate and unfettered access to their property to retrieve their tools, trucks, movable buildings and sheds, and other belongings necessary for their work and daily life, which are unrelated to the foreclosure.

  4. Restrict any party, including Plaintiffs, Defendants, "officers" of the BCSO, and all associates from accessing the property until the resolution of the ongoing federal case, except as permitted for the purposes of retrieving the specified essential belongings.

(Doc. 42).

A district court may grant injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." FF Cosmetics FL, Inc. v. City of Miami Beach, 866 F.3d 1290, 1298 (11th Cir. 2017) (quoting Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc)); Gissendaner v. Comm'r, Georgia Dep't of Corr., 779 F.3d 1275, 1280 (11th Cir. 2015) (same standard for granting a temporary restraining order).  Injunctive relief is an 'extraordinary and drastic remedy' and should not be granted unless 'the movant clearly establishe[s] the "burden of persuasion" as to each of the four prerequisites.'" FF Cosmetics FL, Inc., 866 F.3d at 1298 (quoting McDonald's Corporation v. Robertson, 147 F. 3d 1301, 1306 (11th Cir. 1998)).  Also, the "court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

As to the second factor, Plaintiff argues that she will be irreparably injured if the Court does not enter the temporary restraining order as requested. The Eleventh Circuit has held that irreparable injury is "the sine qua non of injunctive relief." Siegel, 234 F.3d at 1176 (citation and internal quotation marks omitted). "An injury is 'irreparable' only if it cannot be undone through monetary remedies." Ferrero v. Associated Materials Inc., 923 F.2d 1441, 1449 (11th Cir. 1991). Accordingly, **Plaintiff** shall, on or before **November 21, 2024**, supplement her motion with an explanation how her alleged irreparable injury cannot be undone through monetary remedies.

**DONE** and **ORDERED** this 12th day of November 2024.

> s / Kristi K. DuBose
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**