IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ALLISON-KATHLEEN OF HOUSE LeBLANC, YOUR ORATOR,** *et al.*, ) ) ) | |
| **Plaintiff,** ) ) | |
| vs. ) ) | Civil Action No. 24-00209-KD-MU |
| **MIS, INC., REGIONS BANK, FREDDIE MAC, MO'S TOWING LLC, DEPUTY SHERIFF CLARENCE HERRING, and BALDWIN COUNTY SHERIFF HUEY HOSS MACK,** ) ) ) ) ) ) | |
| **Defendants.** ) | |

## ORDER

This action is before the Court on the Motion for Temporary Restraining Order filed by Plaintiff Allison-Kathleen of House LeBlanc, Your Orator (doc. 42), Defendants MIS Inc., Sheriff Huey Mack and Deputy Clarence Herring's opposition (doc. 45), Plaintiff's supplement to her Motion (doc. 47), and Defendant MIS, Inc.'s opposition to the supplement (doc. 48). Upon consideration and for the reasons set forth herein, the Motion is DENIED.

I. <u>Motion for temporary restraining order</u>

Plaintiff seeks a temporary restraining order against "William Tyndall and Dewey McGowan, officers and associates of MIS, Inc., a foreign corporation; and 'Officers' and 'Deputies' of the Baldwin County Sheriff's Office" to

1. Prohibit the disposing of, damaging, or destroying our property.

2. Prohibit them from imposing any conditions, such as settlement of this case, for the retrieval of Plaintiffs' property.

3. Allow Plaintiffs immediate and unfettered access to their property to retrieve their tools, trucks, movable buildings and sheds, and other belongings necessary for their work and daily life, which are unrelated to the foreclosure.

> 4. Restrict any party, including Plaintiffs, Defendants, "officers" of the BCSO, and all associates from accessing the property until the resolution of the ongoing federal case, except as permitted for the purposes of retrieving the specified essential belongings.

(Doc. 42).

A district court may grant injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." FF Cosmetics FL, Inc. v. City of Miami Beach, 866 F.3d 1290, 1298 (11th Cir. 2017) (quoting Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc)); Gissendaner v. Comm'r, Georgia Dep't of Corr., 779 F.3d 1275, 1280 (11th Cir. 2015) (same standard for granting a temporary restraining order).  Injunctive relief is an 'extraordinary and drastic remedy' and should not be granted unless 'the movant clearly establishe[s] the "burden of persuasion" as to each of the four prerequisites.'" FF Cosmetics FL, Inc., 866 F.3d at 1298 (quoting McDonald's Corporation v. Robertson, 147 F. 3d 1301, 1306 (11th Cir. 1998)).  Also, the "court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

Relevant here, the Court of Appeals for the Eleventh Circuit has held that irreparable injury is "the sine qua non of injunctive relief." Siegel, 234 F.3d at 1176 (citation and internal quotation marks omitted). The Eleventh Circuit has also held that an "injury is 'irreparable' only if it cannot be undone through monetary remedies." Ferrero v. Associated Materials Inc., 923 F.2d 1441, 1449 (11th Cir. 1991).

Review of the supplement to the Motion indicates that Plaintiff asserts that past harms already inflicted resulted in irreparable injury which cannot be undone through monetary relief. Plaintiff alleges that "constitutional violations" occurred during the eviction in June 2024 (doc. 47,

2

p. 1-2). She argues that the "trauma" of the eviction "caused significant emotional and psychological harm" and that "emotional distress and psychological harm constitute irreparable harm, particularly where the plaintiff's emotional stability and personal safety were at risk." (Id.). However, the record indicates that the eviction concluded in June 2024. Plaintiff waited almost five months to move for a temporary restraining order. And she waited until after filing an amended complaint seeking "$ 9 million for the losses suffered" (doc. 6). The delay and claim for monetary relief weigh against a finding of irreparable harm. See Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1248 (11th Cir. 2018) (stating that "[a] delay in seeking a preliminary injunction of even only a few months -- though not necessarily fatal -- militates against a finding of irreparable harm" because "the very idea of a *preliminary* injunction is premised on the need for speedy and urgent action to protect a plaintiff's rights before a case can be resolved on its merits.") (emphasis in original).

      Plaintiff argues that "unique and essential property" among them "irreplaceable antiques" and "priceless sonograms and baby photos" were "destroyed" during the eviction (doc. 47, p. 2). She argues that other property, including medical records, were "discarded" (Id.). Since these items were destroyed or discarded in June 2024, Plaintiff will not suffer irreparable harm if she is not allowed to enter the foreclosed property to recover personal property that no longer is there. Plaintiff also argues that "[i]ncreased housing costs have arisen from having to rent furnished housing" (Id.). However, monetary relief can compensate for increased housing costs. Plaintiff also argues that her mother's medical bed was destroyed, and her backup bed was damaged, which negatively affected her mother's health. She argues that "threats to health and safety" cannot be "undone by financial compensation" (Id.). Again, Plaintiff waited almost five months before filing her motion for a temporary restraining order. Thus, there does not appear to be any "need for speedy and urgent action" Wreal, 840 F.3d at 1248, with respect to her mother's medical beds or any threat to health and safety.

      Plaintiff also alleges irreparable harm from "disrupted livelihood" (Id., p. 2). She argues that Defendant Mo's Towing, Inc. towed and stored her husband's trucks and trailers during and

after the eviction, which prevented him from working. Plaintiff states that Mo's Towing agreed to return the property, but her wrongful arrest for trespassing has "made it impossible to secure a place for their return" (Id.). Plaintiff also argues that the "false allegations by Mr. Tyndall of MIS, Inc., have the potential to damage [her] nursing career and professional registration" and "prevented [her] from working extensively" (Id.).[1] These arguments are not relevant to the injunctive relief she seeks (doc. 42, p. 2) (see supra, p. 1-2). Plaintiff argues that "[t]hey have failed to secure the land leading to the theft of [her] husband's tools, 22 ft. trailer, and wench" (Id.). "They" appears to mean Defendant MIS, Inc., the purchaser at the foreclosure sale. Again, Plaintiff will not suffer irreparable harm if she is not allowed to enter the foreclosed property to recover personal property that no longer is there.

Plaintiff alleges irreparable harm caused by "animal endangerment and property destruction" (Id., p. 3). She alleges that her dog escaped because her arrest for the false trespassing charge prevented her from completing a "dog enclosure" on the adjacent property which she rents. She reports that the dog was found but had lost weight. The Court finds no merit to the allegation the Plaintiff would be irreparably harmed if no temporary restraining order is entered because the dog escaped months ago and has since been found.

Plaintiff also alleges that McGowan "began feeding my cats and chickens, luring them away" from the coop on the adjacent property. She argues that this "interference with feeding my animals disrupted their care, reducing our ability to provide for our family's sustenance" which cannot "be compensated for through monetary damages" (Id., p. 3). Plaintiff appears to allege that she has been deprived of food, i.e., chickens. However, the loss of chickens could be compensated with monetary relief. Again, the approximately five months delay in seeking a temporary restraining order weighs against a finding of irreparable harm which cannot be remedied with monetary relief.

---

[1] Plaintiff appears to mean the criminal trespass action based upon Tyndall's complaint that she trespassed upon the foreclosed property.

Plaintiff's last arguments in support of irreparable harm – that she is financially depleted and emotionally distressed, that her firearms were unlawfully seized during the eviction in violation of the Constitution and returned in damaged condition, and that a Deputy Sheriff used coercive and intimidating tactics during the eviction – are without merit. Should she prevail on her action, she may pursue monetary damages as compensation for the harm alleged.  Again, the approximately five months delay in seeking a temporary restraining order weighs against a finding of irreparable harm which cannot be remedied with monetary relief.

Also, the Plaintiff has utterly failed to show a likelihood of success on the merits.  Rather, she has merely made conclusory statements that her Constitutional rights were violated and the eviction was wrongful.

Since Plaintiff has not made a sufficient showing of irreparable harm or likelihood of success on the merits, she cannot meet all the elements necessary to obtain a temporary restraining order.  Plaintiff has failed to show that her injuries are irreparable, i.e. "cannot be undone through monetary remedies." Ferrero, 923 F.2d at 1449.  Accordingly, her motion is due to be denied.

II. Attorney fees and costs

Defendants MIS, Inc., Sheriff Mack and Deputy Herring seek an award of costs and attorney fees incurred in defending Plaintiff's motion (doc. 45, doc. 48).  They argue that Plaintiff's motion was not brought in good faith, but instead was intended to financially harm and harass the Defendants. As a result, Defendants claim they have unnecessarily incurred attorney fees and costs. They also argue that Plaintiff's motion was a waste of judicial resources, and improperly prolonged this litigation.  The Court is not inclined to award attorney fees and costs at this time.  However, the Plaintiff is warned that any frivolous filings or repetitive filings in the future may result in attorney fees and costs being awarded for the Defendants.

**DONE** and **ORDERED** this 26th day of November 2024.

s / Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**
