**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| ALLISON KATHLEEN LEBLANC, etc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIV A. NO. 24-0209-KD-MU |
| | ) | |
| MIS INC., *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff Allison Kathleen Leblanc, proceeding *pro se*, filed a complaint and an amended complaint against six defendants asserting claims based on the foreclosure and subsequent ejectment from property previously owned by Kathy Heindl (Leblanc's mother). (Docs. 1 and 6). This action was referred to the undersigned, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the Court on the motions to dismiss Plaintiff's amended complaint filed by Defendants Sheriff Huey Mack and Deputy Clarence Herring (Docs. 15, 16) and by Defendants Regions Bank ("Regions") and the Federal Home Loan Mortgage Corporation ("Freddie Mac") (Doc. 13), Plaintiff's untimely responses thereto (Doc. 35, 39), and these Defendants' replies to Plaintiff's responses (Doc. 36, 41). For the reasons stated below, it is recommended as follows: 1) that any and all claims purportedly asserted by Plaintiff on behalf of Heindl, the estate of Heindl, or any trust be dismissed without prejudice; 2) that the motion to dismiss filed by Defendants Mack and Herring be granted and that Plaintiff's amended complaint be dismissed, without prejudice, with leave to file a second amended complaint as to these Defendants, and 3) that the motion to dismiss filed by

Defendants Regions and Freddie Mac be granted and that Plaintiff's amended complaint against these Defendants be dismissed with prejudice.

## I. Factual Allegations/Uncontroverted Facts

The complaint filed on June 25, 2024 was filed by Allison-kathleen of the family Leblanc and named as Plaintiff: "Allison-kathleen of the family Leblanc ... acting on behalf of herself and the estate of KATHY B HEINDL." (Doc. 1, PageID. 1). The amended complaint filed on July 19, 2024 was filed by Allison-Kathleen of House Leblanc "acting in the best commercial interest of ALLISON LEBLANC and KATHY B HEINDL" and again named as Plaintiff: "Your Orator: Allison-kathleen of house Leblanc ... acting on behalf of herself and the estate of KATHY B HEINDL." (Doc. 6, Page ID. 48). Later, in response to the motion to dismiss by Sheriff Mack and Deputy Herring, Plaintiff purported to submit the response on behalf of "Plaintiff, Allison-Kathleen: LeBlanc, as Trustee of the Kathy Boutwell Heindl Trust." (Doc. 35, PageID. 333, 338).

In her amended complaint, Leblanc asserts claims against Defendants MIS, Inc., Regions Bank, Freddie Mac, Mo's Towing LLC, Deputy Sheriff Clarence Herring, and Baldwin County Sheriff Huey Hoss Mack. (Doc. 6, PageID. 48). Leblanc claims she "is the lawful and rightful owner" of property located at 26451 Baldwin Beach Expressway, Robertsdale, Alabama 36567 (the "Property"). (*Id.*, PageID. 49). LeBlanc alleges that Regions originated a loan on August 14, 2015, secured by a mortgage on the Property and that "[t]he mortgage was transferred to Freddie Mac without Your Orator's knowledge, violating SEC Rule 10b-5 and Rule 424(b)(5)." (Doc. 6 at 2, PageID. 49). She further alleges that Regions committed procedural violations and failed to submit necessary documents for a valid foreclosure, invalidly assigned the mortgage, and

engaged in "questionable securitization practices" involving BNY Mellon U.S. Mortgage Fund. (*Id.*). Leblanc avers that "Freddie Mac (holder of unassigned mortgage) instructed Regions Mortgage to foreclose in their own name to avoid taxes, once again breaking the chain of title." (*Id.*). She further asserts that "Regions Bank and Freddie Mac were involved in predatory lending practices, imposing unfair and abusive loan terms on the borrower." (*Id.*, PageID. 50).

Leblanc claims that, on "October 24, 2023, attorneys for MIS, Inc. filed for the seizure of and entitlement to certain lands situated at 26451 Baldwin Beach Express, Robertsdale, Alabama 36567" and that "[o]n June 20th, 2024, Sheriff Deputy Clarence Herring, under the command of Sheriff Huey Hoss Mack, did forcibly remove Your Orator and her family from the home and executed a search and seizure violating her 2nd and 4th amendment rights." (*Id.*). She further alleges that "on June 20-24, MIS Inc. employees enlisted the assistance of Mo's Towing LLC, and without proper authority or justification, towed and/or damaged several pieces of [Leblanc's] personal property," including several vehicles, a golf cart, a fishing boat, a storage building, a camper, and several trailers. (*Id.*). Leblanc also alleges that "Mo's Towing LLC unlawfully confiscated several pieces of personal property without just compensation or cause, thereby abusing eminent domain principles and causing significant harm." (*Id.*).

The Court notes that many of Leblanc's factual allegations are controverted by written documents submitted by various Defendants with their motions to dismiss. For example, the loan and mortgage documents, as well as the Warranty Deed, show that it was Kathy B. Heindl who owned and mortgaged the Property.[1] (Doc. 32-8, PageID.

---

[1] Because Plaintiff refers to the Note and Mortgage in her amended complaint and these documents are central to her claims, the Court may consider them in ruling on the

297-98; Doc. 13-1, PageID. 114-16; Doc. 13-2, PageID. 118-33). As reflected in a subsequent Foreclosure Deed, Heindl defaulted on the loan, Regions foreclosed on the Property, and then Regions sold the Property at public auction on September 21, 2023 to Defendant MIS.[2] (Doc. 13-3, PageID. 135-37). The Property was conveyed to MIS by the Foreclosure Deed dated September 26, 2023, and recorded September 28, 2023, at Instrument No. 2088370 in the Probate Records of Baldwin County, Alabama. (*Id.*). On October 24, 2023, MIS filed an action for ejectment and declaratory judgment in Baldwin County Circuit Court, 05-CV-2023-901333, against Allison Leblanc, Kathy Heindl, and J.P. Leblanc, who remained in actual possession of the Property. (Doc. 32-1, PageID. 231-34). MIS moved for summary judgment in its favor, and, on April 23, 2024, the state court granted summary judgment in favor of MIS. (Doc. 32-1, PageID. 235-38; Doc. 32-3, PageID. 240). On June 11, 2024, the state court issued a writ of restitution or possession, commanding law enforcement "to restore [MIS] to possession of the land and tenements which [MIS] recovered of [Allison Leblanc, Kathy Heindl, and J.P. Leblanc] in an action of forcible entry and detainer ...." (Doc. 32-4, PageID. 241). Deputy Clarence Herring served Kathy Heindl with the writ on June 20, 2024. (Doc. 32-6, PageID. 242). The state court awarded damages for mesne profits to MIS on July 15,

---

motions to dismiss without converting the motions into summary judgment motions. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

[2] The Court may take judicial notice of the Foreclosure Deed as a document publicly recorded by the Probate Court of Baldwin County, Alabama. *See Mizell v. Wells Fargo Bank N.A.*, 2024 WL 997338, at *1 n.2 (M.D. Ala. Feb. 12, 2024) (citing Fed. R. Evid. 201(b)(2)); *Cobb v. JP Morgan Chase, LLC*, 2011 WL 13221045, at *1 n. 4 (N.D. Ga. 2011); *Galstaldi v. Sunvest Comm. USA, LLC*, 637 F. Supp. 2d 1045, 1054 (S.D. Fla. 2009)) (taking judicial notice of "the publicly-recorded foreclosure deeds…filed as exhibits with defendants' motion to dismiss").

2024, finding that MIS "obtained fee simple title to the Property via Foreclosure Deed" and that the court's writ of possession "was duly executed." (Doc. 32-6, PageID. 243-44).

Based on the allegations set forth in her amended complaint, Plaintiff asserts claims against all six defendants as follows:

Count I: Breach of Contract, alleging that "Defendants breached the contract by unlawfully seizing the property and holding Your Orator liable without proper disclosure and authority;"

Count II:  Unjust Enrichment, asserting that "Defendants were unjustly enriched at Your Orator's expense by obtaining a security interest through manipulative and deceptive acts;"

Count III:  Fraud, alleging that "Defendants engaged in fraudulent activities by misrepresenting the terms of the mortgage and the securitization process" and that "Your Orator relied on these misrepresentations to her detriment...;"

 Count IV: Violation of the Truth in Lending Act ("TILA"), in which she avers that "Defendants failed to make required disclosures under TILA" and "Defendants' actions violated 15 U.S.C. § 1635(f), entitling Your Orator to rescission and damages;" and

Count V: Unlawful Confiscation and Abuse of Eminent Domain, based upon her assertions that "MIS Inc. and Mo's Towing LLC abused principles of eminent domain by seizing private property without just compensation or legal cause, constituting a violation of rights secured to Your Orator by the Fifth Amendment." She further supports this claim by the allegation that "[t]he unlawful towing resulted in substantial and

irreparable damage to Your Orator's property, including the critical medical bed of Kathy B. Heindl, further justifying the need for Mo's Towing LLC to be held accountable."[3]

Notably, although she alleges that "[o]n June 20th, 2024, Sheriff Deputy Clarence Herring, under the command of Sheriff Huey Hoss Mack, did forcibly remove Your Orator and her family from the home and executed a search and seizure violating her 2nd and 4th amendment rights," Leblanc does not set forth a cause of action for illegal or improper search and seizure or for any violation of her 2nd and 4th amendment rights.

## II. <u>Standard of Review</u>

Defendants seek dismissal of Plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendants argue that Plaintiff's complaint is due to be dismissed, pursuant to Rule 12(b)(1), because this Court lacks subject matter jurisdiction because Plaintiff does not have standing to pursue this action. "[T]he party invoking the court's jurisdiction must prove, by a preponderance of the evidence, facts supporting the existence of jurisdiction." *Jory v. United States*, 562 F. App'x 926, 927 (11th Cir. 2014) (citing *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)). "Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction can be asserted on either facial or factual grounds." *Carmichael v. Kellogg, Brown & Root Servs., Inc.,* 572 F.3d 1271, 1279 (11th Cir. 2009) (citing *Morrison v. Amway Corp.,* 323 F.3d 920, 925 n.5 (11th Cir. 2003)). "Facial challenges to subject matter jurisdiction are based solely on the allegations in the complaint," and when considering a facial challenge, "the court must … take the complaint's allegations as true." *Id.* "However,

---

[3] Plaintiff has not served Mo's Towing LLC.

where a defendant raises a factual attack on subject matter jurisdiction, the district court

may consider extrinsic evidence such as deposition testimony and affidavits." *Id.*

A defendant may also move to dismiss a complaint, pursuant to Rule 12(b)(6) of

the Federal Rules of Civil Procedure, on the basis that the plaintiff has failed to state a

claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). To survive a

motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that

is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see*

*also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" (citation omitted)). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged. . . . [This standard]

asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

That is, "[f]actual allegations must be enough to raise a right to relief above the

speculative level," and must be a "'plain statement' possess[ing] enough heft to 'sho[w]

that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557 (second brackets

in original). "Threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678.

In determining whether a claim is stated, the factual allegations are accepted as

true, except for conclusory assertions or a recitation of a cause of action's elements,

and the allegations must be considered in the light most favorable to the plaintiff. *See*

*id.; Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997). In addition, "[a] complaint

is subject to dismissal for failure to state a claim 'when its allegations, on their face,

show that an affirmative defense bars recovery on the claim,'" *Douglas v. Yates,* 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting *Cottone v. Jenne,* 326 F.3d 1352, 1357 (11th Cir. 2003)), or "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action," *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### III. <u>Discussion</u>

The Court will first analyze the ground for dismissal posed by both sets of defendants and then proceed to those particular to Defendants Mack and Herring, before concluding with those asserted by Defendants Regions and Freddie Mac.

### A. <u>Standing</u>

Defendants seek dismissal of any claims Plaintiff has asserted on behalf of Kathy Heindl, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction based on their assertion that Plaintiff lacks standing to pursue such claims on behalf of Heindl, an estate, or a trust. A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction can proceed as either a facial or factual attack. *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

> A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion. By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony.

*Id.* at 1232–33. Standing is an element of subject matter jurisdiction, "and the party invoking federal jurisdiction bears the burden of establishing its existence." *Id.* at 1232 (quoting *Parker v. Scrap Metal Processors, Inc.*, 386 F.3d 993, 1003 (11th Cir. 2004)).

The complaint filed on June 25, 2024 was filed by Allison-kathleen of the family Leblanc and named as Plaintiff: "Allison-kathleen of the family Leblanc ... acting on behalf of herself and the estate of KATHY B HEINDL." (Doc. 1, PageID. 1). The amended complaint filed on July 19, 2024 was filed by Allison-Kathleen of House Leblanc "acting in the best commercial interest of ALLISON LEBLANC and KATHY B HEINDL" and again named as Plaintiff: "Your Orator: Allison-kathleen of house Leblanc ... acting on behalf of herself and the estate of KATHY B HEINDL." (Doc. 6, Page ID. 48). Later, in her responses to the motions to dismiss filed by these defendants, Plaintiff purported to submit the responses on behalf of "Plaintiff, Allison-Kathleen: LeBlanc, as Trustee of the Kathy Boutwell Heindl Trust." (Doc. 35, PageID. 333, 338; Doc. 39, PageID. 367).

While Leblanc states that she is "acting in the best commercial interest of" herself and Heindl, and that she is "acting on behalf of herself and the estate of Kathy B. Heindl," she does not allege any facts whatsoever plausibly demonstrating that Heindl passed away, that she is the executor or administrator of any Estate for Heindl, or that she has the authority to act on behalf of Heindl. As noted above, in response to Defendants' argument that Plaintiff lacks standing to bring claims on behalf of Heindl, Plaintiff asserted that she "is acting as the trustee of the trust that holds the property and is therefore entitled to enforce the terms of the mortgage and loan agreements as they relate to the property held in trust." (Doc. 39, PageID. 367-38). However, the Note and Mortgage, as well as the Foreclosure Deed, clearly show the property was owned and held by Heindl, with no mention of any trust. Then, in a confusing and contradictory manner, she alleges on the same page of her response that she has been "acting on

behalf of the estate of KATHY BOUTWELL HEINDL" and that her "involvement is necessary to protect the estate's interests." (*Id.*, PageId. 368).

Although Plaintiff cannot materially alter her pleadings through a response brief, *see Young v. Midwest Recovery Sys.*, No. CA 19-0564, 2019 WL 7882532, at *8 n.6 (S.D. Ala. Dec. 10, 2019) ("[A] Plaintiff cannot amend her complaint in any manner through a response to a motion to dismiss."), even if she could, the claim that a trust of which Plaintiff is trustee owns or owned the Property is flatly contradicted by the Note, Mortgage, and Foreclosure Deed. (*See* Docs. 13-1, 13-2, and 13-3). Those documents state that the borrower and owner of the property was "Kathy B Heindl," not a trust or estate, and the Property was sold at foreclosure to MIS, not to an estate or to a trust.

In sum, Plaintiff has made no showing that she has legal authority to represent the interests of Heindl. While she can represent herself *pro se;* that is, without an attorney, she cannot litigate this case on behalf of Heindl. 28 U.S.C. § 1654 (limiting a *pro se* plaintiff to "plead[ing] and conduct[ing] their own cases personally."). Additionally, even if Plaintiff could make a showing that she is the administrator of Heindl's estate or the trustee of a trust, she cannot represent the estate or trust in this action without an attorney. *See Irele v. Griffin*, 65 F.4th 1280, 1284–85 (11th Cir. 2023) (holding an executor of an estate cannot proceed *pro se* on behalf of estate unless there are no additional beneficiaries and/or creditors); *Franklin v. Garden State Life Ins.,* 462 F. App'x 928, 930 (11th Cir. 2012) ("Because [plaintiff], as a non-lawyer, was not permitted to proceed *pro se* on behalf of [the] estate, she can prove no set of facts entitling her to relief."); *Chase Bank USA, N.A. v. Jacucci*, No. 19-cv-62318, 2020 WL 10229080, at *1 (S.D. Fla. Jan. 17, 2020) (citing *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 347–

48 (8th Cir. 1994) ("A nonlawyer, such as these purported 'trustee(s) pro se' has no right to represent another entity, i.e., a trust, in a court of the United States."); *Mitchelle Art 89 Trust v. Astor Alt, LLC*, No. 15-cv-463, 2015 WL 4394887, at *2 & n.6 (N.D. Ga. July 15, 2015) ("Because [the executruix of the Estate] and [the trustee of the Trust] are not attorneys and are not authorized to practice law in this Court, they cannot represent the Trust in this action.").

Accordingly, because Plaintiff cannot represent Heindl or any estate or trust that may exist and be a proper party to this action in a *pro se* capacity, all claims purportedly asserted by her on behalf of Heindl or one of these entities is due to be dismissed without prejudice.

## B. Defendants Mack and Herring

Defendants Mack and Herring base their motion to dismiss on several grounds, including their contention that Plaintiff's amended complaint, as asserted against them, is an impermissible shotgun pleading that must be dismissed. (Doc. 15, PageID. 138). For the reasons set forth below, the undersigned agrees.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This requirement is to ensure that the complaint gives fair notice of the plaintiff's claims and the grounds therefor to the defendants **and** the court. *See Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). A defendant needs preciseness and clarity in a plaintiff's allegations to "discern what the plaintiff is claiming and to frame a responsive pleading." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir.1996). Likewise, the court should not

be taxed with "the cumbersome task of sifting through myriad claims, many of which [may be] foreclosed by governmental immunities, statutes of limitations and similar defenses." *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984). "[S]ufficient detail must be given so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery." *Id.* at 556.

A plaintiff's statement of his claims must "possess enough heft to 'sho[w] that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Even though "detailed factual allegations" are not needed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint consisting of naked assertions, without further factual enhancement, or one that offers mere "labels and conclusions" will not suffice. *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Plaintiff's amended complaint is what has often been referred to as a "shotgun pleading." In *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015), the Eleventh Circuit described the "four rough types" of shotgun pleadings: (1) a complaint containing multiple paragraphs and counts where each count adopts the allegations and content of all preceding paragraphs and counts, (2) a complaint that is

"replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," (3) a complaint that does not separate into a different count each cause of action or claim for relief, and (4) a complaint that asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act or which of the defendants a specific claim is brought against. *Id.* at 1321-23 (footnotes omitted). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. The Eleventh Circuit has "condemned shotgun pleadings for decades." *See Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x 987, 990 (11th Cir. 2015) (citing *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 n. 54 (11th Cir. 2008) ("since 1985 we have explicitly condemned shotgun pleadings upward of fifty times")).

Plaintiff's amended complaint contains three of the four impermissible "shotgun pleadings" categories. First, the amended complaint "contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before...." For example, the first sentence of each count states, "Your Orator reasserts and incorporates by reference the assertions contained in Paragraphs 1-4." (Doc. 6, PageID. 50). Paragraphs 1-4 contain all the factual allegations described above. (*Id.,* PageID. 49-50). In addition, the amended complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." For example, the amended complaint contains the conclusory statement that Herring, under the command of Mack, "executed a search and seizure violating her 2nd and 4th amendment rights," but it includes no facts that

describe what Herring did, much less facts that support this conclusion. (*Id.*). Finally, Plaintiff's amended complaint also "assert[s] multiple claims against multiple defendants without specifying which defendant(s) are responsible for which acts or omissions." Each of the five counts is asserted against all six defendants without specifying the acts or omissions of any particular defendant. (*Id.,* PageID. 50). More importantly, no count seems to be directly addressed to these Defendants or the conclusory "factual" allegations attributed to them. (*Id.,* PageID. 49-50). Nor do any of Plaintiff's requests for relief seem directed to these Defendants. (*Id.,* PageID. 51).

This Court recognizes that Plaintiff is proceeding *pro se* in this action and acknowledges that "*pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." *Giles v. Wal-Mart Distrib. Ctr.*, 359 F. App'x 91, 93 (11th Cir. 2009). However, "this liberal construction 'does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Id.* (quoting *GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)). Plaintiff's amended complaint clearly does not meet the pleading requirements of Rule 8, nor does it give these Defendants fair notice of the claims asserted against them and the grounds therefor. Accordingly, the undersigned recommends that Plaintiff's claims against Defendants Mack and Herring be dismissed without prejudice and with leave to file a second amended complaint.

In pleading the second amended complaint, Plaintiff is cautioned that she must (1) comply with the pleading requirements of Rules 8(a) and 9 of the Federal Rules of Civil Procedure (particularly Rule 9(b) if alleging fraud); (2) include a factual background section setting forth, in separately numbered paragraphs and in ***plain and simple***

*language*, specific **factual** allegations in support of any claims asserted against these Defendants; (3) set forth in a separately numbered count each claim made, identify the **specific defendants** that each claim is made against, and set forth the specific acts and/or omissions of each defendant that supports each claim; and (4) exclude all generalized and immaterial facts, statements, and allegations that are not specifically related to her claims. *See Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x 987, 988 (11th Cir. 2015). Plaintiff must also explain the grounds upon which she bases her claim that she has standing to pursue the claims set forth in her second amended complaint, as well as set forth facts supporting this Court's jurisdiction.

## C. Defendants Regions and Freddie Mac

Defendants Regions and Freddie Mac assert that Counts I-IV of Plaintiff's amended complaint are due to be dismissed because Plaintiff lacks standing to bring those claims and, even if she had standing, those claims fail as a matter of law. Additionally, these Defendants argue that that are entitled to be dismissed from Count V because this count was not directed toward them and, even if it was, it fails to state a cause of action.

## 1. Lack of Standing

Regions and Freddie Mac argue that Counts I–IV of Plaintiff's amended complaint should be dismissed for lack of subject matter jurisdiction because Plaintiff lacks standing to bring any of these four claims. Specifically, they aver that Plaintiff has not demonstrated that she has suffered an "injury in fact," one of the essential elements of standing.

To demonstrate standing, a plaintiff must establish "the triad of injury in fact, causation, and redressability." *Stalley,* 524 F.3d at 1232. An injury in fact is "a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical." *Id.* Thus, the question presented here is whether Plaintiff has suffered an actual injury from Regions or Freddie Mac's alleged conduct.

As noted above, the Note, Mortgage, Warranty Deed, and Foreclosure Deed unequivocally belie Plaintiff's allegation that she "is the lawful and rightful owner" of the Property. (Doc. 6, PageID. 49). The loan and mortgage documents, as well as the Warranty Deed, show that it was solely Kathy B. Heindl who owned and mortgaged the Property. (Doc. 32-8, PageID. 297-98; Doc. 13-1, PageID. 114-16; Doc. 13-2, PageID. 118-33). As reflected in a subsequent Foreclosure Deed, Heindl defaulted on the loan, Regions foreclosed on the Property, and then Regions sold the Property at public auction on September 21, 2023 to Defendant MIS. (Doc. 13-3, PageID. 135-37). The Property was conveyed to MIS via the Foreclosure Deed dated September 26, 2023, and recorded September 28, 2023, at Instrument No. 2088370 in the Probate Records of Baldwin County, Alabama. (*Id.*).

The uncontroverted evidence shows that Plaintiff was not a party to these contracts or transactions. When exhibits attached to a motion to dismiss contradict the allegations in a pleading, the exhibits control. *See Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009); *Infante v. Bank of Am. Corp.*, 468 F. App'x 918, 921 n.2 (11th Cir. 2012) (explaining that documents referred to in the complaint and central to plaintiff's claim may be considered for purposes of a motion to dismiss and, when they contradict allegations in the complaint, are controlling).

A non-party to a contract lacks standing to enforce the contract, unless the non-party is an intended third-party beneficiary of the contract. *See Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 981 (11th Cir. 2005). Under Alabama law, a party claiming third-party beneficiary status must show that the contracting parties intended to bestow a direct benefit upon the third party at the time they entered the contract. *WM Mobile Bay Environmental Center, Inc. v. City of Mobile*, 441 F. Supp. 3d 1259, 1264–65 (S.D. Ala. 2020). The Note and Mortgage documents, as well as the Foreclosure Deed, clearly show that Regions and Heindl were the only two parties involved in those transactions. Moreover, the documents do not refer to Plaintiff at all. As such, she is clearly not a party to the Note or Mortgage, nor has she alleged any facts showing she is an intended third-party beneficiary under either contract. Therefore, Plaintiff has no standing to bring a breach of contract claim based on the loan or mortgage.

For the same reasons, Plaintiff lacks standing to bring the unjust enrichment, fraud, and TILA claims set forth in Counts II-IV. Each of these claims is entirely predicated on the Note and Mortgage. For her unjust enrichment claim, Plaintiff alleges that Defendants obtained "a security interest through manipulative and deceptive acts." (Doc. 6, PageID. 50). For her fraud claim, she alleges that Defendants misrepresented "the terms of the mortgage and the securitization process," and for her TILA claim, she claims Defendants failed to make required disclosures regarding the loan. (*Id.*). Because Plaintiff was not a party to the note and mortgage transactions, she clearly lacks standing to bring each of these claims. The uncontroverted evidence shows that it was Regions and Heindl, not Regions and Leblanc, who were the parties to the Note and Mortgage. Even if accepted as true, Defendants' alleged conduct in regard to the

Property, the Note, and the Mortgage did not injure Plaintiff because she has no legally cognizable interest in the contracts between Regions and Heindl or in the Property itself. Therefore, Plaintiff lacks standing to pursue the claims set forth in Counts I–IV and those counts are due to be dismissed.

## 2. Failure to State a Claim

Regions and Freddie Mac also seek dismissal of all counts set forth by Plaintiff, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted.

## a. Breach of Contract

Defendants assert that Plaintiff fails to adequately allege the elements of a breach of contract claim. In Count I of the amended complaint, Plaintiff reasserts all of the factual allegations set forth therein and then states that "Defendants breached the contract by unlawfully seizing the property and holding Your Orator liable with proper disclosure and authority" and "[a]s a result, Your Orator has suffered damages, including the loss of property and associated financial losses." (Doc. 6, PageID. 50). As an initial matter, it is unclear from the face of the amended complaint as to which Defendants Plaintiff refers and to what "contract" she refers. To the extent she is referring to the Note or the Mortgage - the only contracts referenced in the amended complaint – Plaintiff is not a party to either of those contracts. *See,* discussion *supra*.

The elements of breach of contract under Alabama law are "(1) a valid contract binding the parties; (2) the plaintiffs' performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages." *Dupree v. PeoplesSouth Bank*, 308 So.3d 484, 490 (Ala. 2020). First, Plaintiff has failed to allege facts showing the existence of a

contract to which she is a party and the evidence shows that she is not a party to the Note or Mortgage. Of equal import, Plaintiff has also not alleged that she (or, for that matter, Heindl) performed under the contract by making the required payments. To state a claim for breach of contract, the plaintiff must explain "which Defendant did what, and when, that would constitute a breach of the mortgage contract." *See Collins v. BSI Fin. Servs.*, Case No. 2:16-cv-262-WHA, 2016 WL 6776284, at *13 (M.D. Ala. Nov. 15, 2016). In addition to failing to distinguish between any of the six defendants, Plaintiff does not allege facts showing what was unlawful or improper about "Defendants" alleged conduct, and she has not alleged that Regions or Freddie Mac were even involved in "seizing" the Property at all. In fact, she alleges that MIS, not Regions or Freddie Mac, "filed for the seizure of and entitlement to" the Property. (Doc. 6, PageID. 49).

The Court agrees with Defendants. Plaintiff is simply not a party to either the Note or Mortgage, nor has she made any allegation that Regions and Freddie Mac breached some other contract with her. As such, her breach of contract claim in Count I is due to be dismissed.

### b. Unjust Enrichment

In Count Two, Plaintiff claims "Defendants were unjustly enriched at Your Orator's expense by obtaining a security interest through manipulative and deceptive acts." (*Id.,* PageID. 50). The elements of an unjust enrichment claim under Alabama law are: "(1) the defendant knowingly accepted and retained a benefit; (2) provided by another; ... (3) who has a reasonable expectation of compensation." *Trimark Foodcraft, LLC v. Selma Dev., LLC*, Civ. A. No. 18-00259-JB-N, 2018 WL 5074686, at *4 (S.D.

Ala. Aug. 31, 2018) (quoting *Portofino Seaport Village, LLC v. Welch*, 4 So.3d 1095, 1098 (Ala. 2008)). The problem here is that the benefit allegedly provided to Regions and Freddie Mac in this case, which Plaintiff alleges was the "security interest" or mortgage, was not provided by her, but by Heindl. Therefore, she cannot meet the second element. And, because Plaintiff cannot have a reasonable expectation of compensation for a security interest that she did not provide, she cannot meet the third.

Further, under Alabama law, unjust enrichment is an equitable doctrine that applies only where there is no adequate remedy at law. *See Mantiply v. Mantiply*, 951 So. 2d 638, 654 (Ala. 2006). "[W]here an express contract exists, . . . the law generally will not recognize an implied contract regarding the same subject matter." *Kennedy v. Polar-BEK & Baker Wildwood P'ship*, 682 So. 2d 443, 447 (Ala. 1996). In other words, a claim for unjust enrichment is a claim for breach of an implied contract. Plaintiff's claim for unjust enrichment seems to arise from the Note and Mortgage, which are the same contracts that presumably form the basis of her breach of contract claim. Because her own pleadings make clear that she is seeking a remedy for money damages under her breach of contract claim, Plaintiff's claim for unjust enrichment under the same implied or quasi-contract is not cognizable. *See Rice v. JPMorgan Chase Bank, N.A.*, No. 7:14-cv-00318-LSC, 2014 WL 3889472, at *11 (N.D. Ala. Aug. 5, 2014) (dismissing unjust enrichment claim premised on similar allegations that defendant was "unjustly enriched by the payment of fees, insurance proceeds, and equity in the home" as barred by the mortgage contract); *Selman v. CitiMortgage, Inc.*, Civ. A. No. 12-0441-WS-B, 2013 WL 838193, at *13 (S.D. Ala. Mar. 5, 2013) (same). Accordingly, dismissal of Plaintiff's unjust enrichment claim is warranted.

c. **Fraud**

Plaintiff alleges in Count III that "Defendants engaged in fraudulent activities by misrepresenting the terms of the mortgage and the securitization process" and that "Your Orator relied on these misrepresentations to her detriment, resulting in financial loss and damage to her property rights." (Doc. 6, PageID. 50). As Defendants argue, Plaintiff's allegations of fraud fail to satisfy the requirements of Federal Rule of Civil Procedure 9(b). Rule 9(b) states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with *particularity*." Fed. R. Civ. P. 9(b) (emphasis added). "This Rule serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1370–71 (11th Cir. 1997) (citation omitted). To satisfy the heightened pleading standard, a plaintiff "must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements mislead the plaintiff; and (4) what the defendants gained by the alleged fraud." *Id.* at 1380–81.

Plaintiff's allegations of fraud fall woefully short of the Rule 9(b) standard. She alleges only that "Defendants," without differentiating between any of the six defendants, misrepresented "the terms of the mortgage and the securitization process." (Doc. 6, PageID. 50). She does not describe which specific defendants made any alleged misrepresentation, the precise misrepresentations made, when they were made, who made them, where they were made, how she (who was not even a party to

the Note or Mortgage) was misled by them, or what "Defendants" gained by these alleged misrepresentations. *See Brooks*, 116 F.3d at 1381 ("Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants.'"); *Rolle v. Montgomery*, No. CV-12-S-3313-NE, 2013 WL 12349544, at *6 (N.D. Ala. July 19, 2013) ("A plaintiff cannot lump together all of the defendants in their allegations of fraud, but instead must make specific allegations with respect to each defendant.").

Additionally, any claim for fraud based on the "terms of the mortgage" is barred by the subject statute of limitations. *See* Ala. Code § 6-2-38 (*l*) (1975) ("All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years."). In Alabama, claims sounding in fraud or misrepresentation are subject to a two-year statute of limitations. *See, e.g.*, Ala. Code § 6-2-38 (*l*) (1975). As a matter of law, fraud is discoverable when a person receives documents capable of putting her "on such notice that the fraud reasonably should be discovered." *Liberty Nat'l Life Ins. v. Parker*, 703 So. 2d 307, 308 (Ala. 1997). In this same vein, the Alabama Supreme Court has held the date when "documents were received was the date the fraud was or should have been discovered." *Colafrancesco v. Crown Pontiac-GMC, Inc.*, 485 So. 2d 1131, 1134 (Ala. 1986) (emphasis in original). The Mortgage was issued to Heindl in August 2015 - roughly nine years before this lawsuit was filed. Under Alabama law, Heindl, and by extension Plaintiff, was on notice of any alleged "misrepresentations" regarding the terms of the Mortgage at that time, and any fraud claims were therefore barred as of August 2017.

**d. Violation of the Truth in Lending Act**

In Count IV, Plaintiff alleges that "Defendants failed to make required disclosures under TILA" and these "actions violated 15 U.S.C. § 1635(f), entitling Your Orator to rescission and damages." (Doc. 6, PageID. 50). Plaintiff does not allege any facts in support of her alleged TILA claims, relying instead on these legal conclusions. This Court agrees with Defendants that, for this reason alone, Count IV fails to pass muster under *Twombly* and *Iqbal*.

Second, Plaintiff's claim is premised on an alleged violation of § 1635(f). However, § 1635 expressly exempts "residential mortgage transaction[s]" from its ambit. *See, e.g., Dunn v. Bank of America, N.A.*, 844 F.3d 1002, 1005 (8th Cir. 2017) (affirming dismissal of claim for rescission under § 1635 because there was "no doubt that the loan agreement in question constitutes a residential mortgage transaction."). For this additional reason, any TILA claim based on the mortgage transaction referenced in Plaintiff's complaint fails as a matter of law.

Third, the TILA claim is time-barred. To recover damages under TILA, a plaintiff must file an action "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). A "violation," for purposes of the statute, occurs at the same time as the loan transaction. *In re Smith*, 737 F.2d 1549, 1552 (11th Cir. 1984). To claim the right of rescission under TILA, a plaintiff must file an action within "three years after the date of the consummation of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f). The loan at issue in this case closed in August of 2015, nearly nine years before Plaintiff filed her action. Accordingly, any TILA claim

based on the mortgage transaction referenced in Plaintiff's complaint fails as a matter of law, for this reason, as well.

**e. <u>Unlawful Confiscation and Abuse of Eminent Domain</u>**

Finally, Plaintiff alleges in Count V that "MIS Inc. and Mo's Towing LLC abused principles of eminent domain by seizing private property without just compensation or legal cause, constituting a violation of rights secured to Your Orator by the Fifth Amendment." (Doc. 6, PageID. 50). Plaintiff fails to state a claim against Regions and Freddie Mac in Count V for multiple reasons. First, most obviously, Plaintiff does not name Regions or Freddie Mac in Count V. Instead, it is clearly directed against "MIS Inc. and Mo's Towing LLC." (*Id.*). Even if this Count had been directed against Regions and Freddie Mac, it would not state a cause of action. Plaintiff makes clear she is pursuing a right of action premised on a violation of the Takings Clause of the Fifth Amendment. (*Id.*). Under the Takings Clause, "private property [shall not] be taken for public use, without just compensation." U.S. Const. amend. V. As the Note and Mortgage documents and the Foreclosure Deed show, Plaintiff was not the owner of the Property. Further, "the Takings Clause bars the federal government from taking private property without paying for it; it has no application to private entities taking property pursuant to a written contract through a state's nonjudicial foreclosure process." *Key v. JPMorgan Chase Bank, N.A.*, Civ. A. No. 1:17-cv-4341-MLB-CMS, 2018 WL 6818660, at *6 (N.D. Ga. Mar. 23, 2018) (citing *Stop the Beach Renourishment, Inc. v. Fla. Dep't of Env'l Prot.*, 560 U.S. 702, 713 (2010)). Plaintiff has not alleged that either of these Defendants is a federal actor for purposes of the Takings Clause. *See id.* Thus, Plaintiff

has failed to state a claim under the Takings Clause against Regions or Freddie Mac. Accordingly, Count V is also due to be dismissed.

## IV. CONCLUSION

Based upon the foregoing, it is recommended as follows:

1) Because Plaintiff cannot represent Heindl or any estate or trust that may exist in this action in a *pro se* capacity, any and all claims purportedly asserted by Plaintiff on behalf of Heindl, the estate of Heindl, or any trust be dismissed without prejudice;

2) The motion to dismiss filed by Defendants Mack and Herring be granted and that Plaintiff's amended complaint be dismissed, without prejudice, and with leave to amend her complaint as to Defendants Mack and Herring as set forth above within 14 days from the date of the district court's order; and

3) The motion to dismiss filed by Defendants Regions and Freddie Mac be granted and that Plaintiff's amended complaint against these Defendants be dismissed with prejudice, as an amendment to assert any claims by Plaintiff Allison Kathleen Leblanc, individually, against Regions and Freddie Mac arising from the events set forth in this action would be futile.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations

contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **13th** day of **February, 2025**.

/s/ P. Bradley Murray
**UNITED STATES MAGISTRATE JUDGE**