### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| ALLISON KATHLEEN LEBLANC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIV A. NO. 24-0209-KD-MU |
| MIS INC., *et al.*, | ) ) ) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION

This action is before the Court on Defendant MIS Inc.'s motion to dismiss or, in the alternative, to quash purported service of process of Plaintiff's complaint upon it. (Doc. 11). Plaintiff has filed an out-of-time response to this motion (Doc. 34), and MIS filed a timely reply prior to Plaintiff's response (Doc. 28). In the interest of fairness, the Court has elected to consider the arguments made by Plaintiff in her response, even though it is due to be stricken as untimely. For the reasons set forth below, the undersigned Magistrate Judge recommends that MIS's motion to dismiss or, in the alternative, to quash purported service of process of Plaintiff's complaint be **GRANTED** and that purported service of Defendant MIS Inc. be **QUASHED.** The undersigned further recommends that, in light of this finding, Plaintiff be given thirty (30) days from the date the District Court enters its order on this recommendation to make proper service of her amended complaint[1] on MIS Inc. or face dismissal of her claims against MIS.

---

[1] In its Report and Recommendation on the motion to dismiss filed by co-defendants Mack and Herring, the undersigned has recommended that the district court grant the motion to dismiss without prejudice and with leave to file a second amended complaint. If Plaintiff elects to file a second amended complaint curing the deficiencies in her

## I. Facts of Purported Service

Plaintiff filed her original complaint in this action on June 25, 2024 and filed an amended complaint on July 19, 2024. (Docs. 1 and 6). Summons to MIS was issued by the Clerk of Court on July 19, 2024. (Doc. 7). Defendant's name and address listed on the summons was: "MIS, INC, c/o Attorney Brian Britt, PO Box 1138, Fairhope, Alabama 36533." (*Id.*, PageID. 74). On August 2, 2024, Plaintiff filed a Proof of Service showing that the Summons for MIS Inc. was sent by certified mail to "attorney Brian Britt representative of MIS, INC." (Doc. 9-1, PageID. 85). Plaintiff also filed a green card reflecting that the certified mail addressed to MIS, INC, c/o Brian Britt, PO Box 1138, Fairhope, AL 36533 was signed for by Kathryn Sparks on July 22, 2024. (*Id.*, PageID. 84).

Brian Britt is an attorney for MIS in a separate, unrelated lawsuit. (Doc. 11, PageID. 95). According to MIS, Britt is not an officer, partner, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process on behalf of MIS. (*Id.*). Kathryn Sparks is Britt's receptionist and is not now and never has been an officer, partner, a managing or general agent for service of process for MIS, or an agent authorized by Mr. Britt to accept service of process on behalf of MIS as Mr. Britt himself is not an authorized agent. (*Id.*). Plaintiff admits in her response that she served the complaint on Britt because MIS had instructed her (presumably in regard to the separate, unrelated case) to send all correspondence to Britt. (Doc. 34, PageID. 326). Plaintiff has attached a purported text message in which she claims that

---

amended complaint, she should serve the second amended complaint on Defendant MIS Inc., rather than the current amended complaint because, as to MIS Inc., it is also an impermissible shotgun pleading.

2

MIS "expressly directed the Plaintiff to send the complaint to Mr. Britt." The Court's review, however, shows that the text message 1) does not reveal the parties thereto, and 2) simply shows that one party told the other party to "refer all your questions to my attorney Bryan Britt." (Doc. 34-1, PageID. 330).

In its motion, filed pursuant to Rules 12(b)(2), 12(b)(5), and 4(h)(1) of the Federal Rules of Civil Procedure, MIS alleges that dismissal of the complaint or quashing of service is appropriate because Plaintiff has failed to properly perfect service on MIS. MIS further asserts that the alleged service of process was insufficient in law to give the Court personal jurisdiction over MIS.

## II. STANDARD OF REVIEW

MIS has filed its motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) for lack of personal jurisdiction and 12(b)(5) for insufficient service of process. As United States District Court Judge L. Scott Coogler of the Northern District of Alabama recently observed:

> A Rule 12(b)(4) or 12(b)(5) motion to dismiss challenges the court's personal jurisdiction over a defendant for insufficient process and insufficient service of process respectively. To invoke the court's personal jurisdiction on a defendant requires service of process; so, if a plaintiff fails to properly serve a defendant according to one of the methods of service in Rule 4, the court will, on a timely motion, dismiss all claims against the defendant. And, when a defendant challenges service of process, ***the plaintiff bears the burden of showing that the defendant was properly served under Rule 4.***

*Bridges v. Poe*, No. 6:19-CV-01399-LSC, 2020 WL 3207278, at *1 (N.D. Ala. June 15, 2020) (internal citations omitted) (emphasis added). "Valid service of process is an indispensable prerequisite to the assertion of personal jurisdiction over a defendant."

*Hyundai Merch. Marine Co. v. Grand China Shipping (Hong Kong) Co.*, 878 F. Supp. 2d 1252, 1260-61 (S.D. Ala. 2012). A "Court may consider [documents outside the pleadings] when determining whether [an action] should be dismissed for insufficient service of process." *Ford v. Navika Capital Grp., LLC*, No. CV 14-00311-KD-C, 2016 WL 1069676, at *8 (S.D. Ala. Mar. 17, 2016) (*citing Foster v. Bridgestone Ams. Inc.*, No. 11-0175-WS-N, 2011 WL 3606983, at *1 n.2 (S.D. Ala. Aug. 15, 2011) ("In the context of a Rule 12(b)(5) motion such as that presented here, courts routinely consider matters outside the four corners of the pleadings to ascertain whether service of process has been properly completed.").

The fact that Plaintiff is proceeding *pro se* does not excuse any failure on her part to conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (affirming dismissal of *pro se* action for insufficient service of process, noting that *pro se* litigants are required to conform to procedural rules); *Loren v. Sasser,* 309 F.3d 1296, 1304 (11thCir. 2002) (holding that "[d]espite construction leniency afforded pro se litigants, we nevertheless have required them to conform to procedural rules"). "Once a pro se … litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

### III. LEGAL ANALYSIS

"Valid service of process is an indispensable prerequisite to the assertion of personal jurisdiction over a defendant." *Hyundai Merchant Marine Co. Ltd. V. Grand China Shipping (Hong Kong) Co. Ltd.*, 878 F. Supp. 2d 1252, 1260-61 (S.D. Ala. 2012).

Because Plaintiff names a "Corporation, Partnership, or Association," MIS Inc., as a defendant, Federal Rule of Civil Procedure 4(h) applies:

> … a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served: …
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process….

Fed. R. Civ. P. 4(h). To properly serve an individual under Rule 4(e)(1), a party must, unless federal law provides otherwise, serve the individual by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(1).

Alabama state law provides that service of process shall be made on a corporation or limited liability company, such as MIS, "by serving an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process." Ala. R. Civ. P. 4(c)(6). Alabama law further provides for service by certified mail as a proper method of service. Ala. R. Civ. P. 4(i)(2). Specifically:

> [T]he attorney or party shall then place [the summons] and complaint or other document to be served in an envelope

>and address the envelope to the person to be served with instructions to forward. In the case of an entity within the scope of one of the subdivisions of Rule 4(c), the addressee shall be a person described in the appropriate subdivision. The attorney or party shall affix adequate postage and place the sealed envelope in the United States mail as certified mail with instructions to forward, return receipt requested, with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered.

Ala. R. Civ. P. 4(i)(2)(B)(ii). Therefore, to perfect service in this action, Plaintiff was required to serve a summons and the complaint on MIS in one of the afore-mentioned manners. Plaintiff chose the process outlined by Rule 4(i)(2)(B)(ii) of the Alabama Rules of Civil Procedure. MIS contends that neither the summons nor the address on the certified mail receipt set forth the correct name of "an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process" on behalf of MIS and, therefore, process was insufficient.

"When service of process is challenged, [the plaintiff] must bear the burden of establishing its validity." *Winston v. Walsh*, 829 F. App'x 448, 450 (11th Cir. 2020) (quoting *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981)). To properly serve MIS under Rule 4(h) of the Federal Rules of Civil Procedure and Rule 4(c)(6) of the Alabama Rules of Civil Procedure, Plaintiff was required to serve either "an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process." The summons Plaintiff caused to be issued in this case and the certified mail envelope were addressed to "MIS, INC, c/o Attorney Brian Britt, PO Box 1138, Fairhope, Alabama 36533." (Doc. 7, PageID. 74; Doc. 9-1).

Plaintiff has not met her burden of proving that she properly complied with this requirement because there is no evidence that "Attorney Brian Britt" is an officer, a managing agent, or general agent of MIS or an agent authorized by appointment or by law to receive service of process on behalf of MIS. To the contrary, MIS avers that "Attorney Brian Britt" is not an officer, a managing agent, a general agent, or an agent authorized to receive service on its behalf. (Doc. 11). "Absent any evidence on this point, the Court cannot determine whether [Plaintiff] complied with [Rule 4(h)]" by attempting service on "Attorney Brian Britt." *Blue-Grace Logistics, LLC v. Harry Logistics, Inc.*, Case No. 8:20-cv-1536-MSS-JSS, 2020 WL 10055354, at * 1 (M.D. Fla. Dec. 7, 2020) (finding that Plaintiff did not carry burden of showing that Defendant's Safety Manager was an officer or a managing or general agent); *see also LVNV Funding, LLC v. Boyles*, 70 So. 3d 1221, 1227-29 (Ala. Civ. App. 2009) (finding that Plaintiff failed to prove that the person to whom she had addressed the envelope containing the complaint, who was the company's attorney-in-fact for a limited purpose, was a managing or general agent for service purposes). Rather, the evidence here shows that Britt was not a proper person for service of process on MIS.

Accordingly, Plaintiff failed to properly effect service of process on MIS.

## IV. CONCLUSION

Due to Plaintiff's *pro se* status, the undersigned Magistrate Judge finds that dismissal would not be appropriate. Instead, the undersigned **RECOMMENDS** that Defendant's motion to quash service (Doc. 11) as to MIS be **GRANTED** and that Plaintiff be given an extension of time of 30 days from entry of the Order adopting this

Report and Recommendation to make proper service of her amended complaint (*see, supra,* fn1) on MIS, Inc.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **13th** day of **February, 2025**.

s/P. BRADLEY MURRAY  
UNITED STATES MAGISTRATE JUDGE