IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ALLISON KATHLEEN LeBLANC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action 24-00209-KD-MU |
| | ) | |
| MIS INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and no objections having been filed, the Reports and Recommendations of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) (docs. 56, 57) are **ADOPTED** as the opinion of this Court, **as modified herein**:

 1) Any and all claims purportedly asserted by Plaintiff Allison Kathleen LeBlanc on behalf of Kathy B. Heindl, the estate of Heindl, or any trust, or by power of attorney,[1] against the Defendants are **dismissed without prejudice**.

 2) Defendants Regions Bank and Federal Home Loan Mortgage Corporation's (Freddie Mac) motion to dismiss any claims asserted by **Plaintiff, individually**, is granted and those claims are **dismissed with prejudice**, because any amendment to assert any claims by Plaintiff, individually, against these Defendants arising from the events set forth in this action would be futile.

 3) **Plaintiff, in her individual capacity**, is granted leave to file, **on or before March 20, 2025, a Second Amended Complaint** against Defendants Sheriff Huey Mack and

---

[1] In LeBlanc's response to the motion to dismiss, she identifies herself as Trustee for Heindl (doc. 35) and supports her status by declaring that "I, Allison-Kathleen: LeBlanc am the Attorney-in-Fact for Plaintiff KATHY BOUTWELL HEINDL, which is a trust, and am lawful to bring such action …" (doc. 35-1). LeBlanc attached a copy of a Power of Attorney signed by Heindl and notarized in August 2023 (doc 35-4). However, even if LeBlanc has the Power of Attorney, she cannot proceed *pro se*. See Franklin v. Max Federal Credit Union, 168 So. 3d 83 (Ala. Civ. App. 2014).

Deputy Clarence Herring, which corrects the deficiencies identified in the Report and Recommendation (doc. 56, p. 14-15). [2]

If Plaintiff **does not file a Second Amended Complaint,** then Defendants Mack and Herring shall be dismissed without prejudice on **March 21, 2025,** without further order of the Court.

4) Defendant MIS, Inc.'s motion to quash service (doc. 11) is **granted.**

If Plaintiff **does file** a Second Amended Complaint, **she must properly serve Defendant MIS, Inc., with the Second Amended Complaint, and provide proof of service, within thirty (30) days of filing the Second Amended Complaint.** If Plaintiff fails to provide proof of service within this time frame, then Defendant MIS, Inc., shall be dismissed without prejudice and without further order of Court.

**DONE** and **ORDERED** this 6th day of March 2025.

s/Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE

---

[2] The Magistrate Judge noted that the Amended Complaint as to MIS, Inc. was also an impermissible shotgun pleading (doc. 57, n. 1). Upon filing the Second Amended Complaint, the motions to dismiss filed by Mack and Herring (doc. 15) and MIS, Inc (doc. 32) will be moot.