IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ALLISON-KATHLEEN LeBLANC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Civil Action No. 24-00209-KD-MU |
| ) | |
| **MIS, INC., REGIONS BANK, FREDDIE** ) | |
| **MAC, MO'S TOWING LLC, DEPUTY** ) | |
| **SHERIFF CLARENCE HERRING, and** ) | |
| **BALDWIN COUNTY SHERIFF HUEY** ) | |
| **HOSS MACK,** ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

This action is before the Court on the Second Amended Complaint filed by Plaintiff Allison Kathleen LeBlanc (doc. 60), the motion to strike the Second Amended Complaint filed by Defendants Deputy Sheriff Clarence Herring and Sheriff Huey Hoss Mack (doc. 62), LeBlanc's response (doc. 63) and Defendants' reply (doc. 64).

Upon consideration, and for the reasons set forth herein, the motion to strike is **GRANTED in part.** The Second Amended Complaint (doc. 60) is stricken for failure to comply with the Court's order. However, the Court declines to dismiss this action. **LeBlanc** is granted leave to file on or before **April 4, 2025**, a Second Amended Complaint **against Herring, Mack, and MIS, Inc., only,** which complies with the Court's order and corrects the pleading deficiencies identified in the Report and Recommendation.

A. <u>Failure to comply with the Court's order</u>

Previously, the Magistrate Judge recommended dismissal of LeBlanc's First Amended Complaint with leave to file a Second Amended Complaint that would cure certain pleading deficiencies. The First Amended Complaint was an impermissible shot-gun complaint which contained three of the four impermissible shotgun pleading categories (doc. 56, p. 12-15, doc.

57). The Court adopted the Report and Recommendation and gave LeBlanc leave to file a Second Amended Complaint against Mack, Herring, and MIS, Inc. (doc. 58).

Instead of complying with the Court's order, LeBlanc filed a Second Amended Complaint that added multiple claims, nine named defendants, and John Doe 1-10. LeBlanc substantially exceeded the scope of permissible amendments to her First Amended Complaint. Accordingly, the motion to strike is granted and LeBlanc's Second Amended Complaint is stricken for failure to comply with the Court's order. However, the action will not be dismissed at this time. LeBlanc is given another opportunity to comply with the Court's order.

LeBlanc is warned that if she fails to file a Second Amended Complaint against Herring, Mack, and MIS, Inc., only, then this action **will be dismissed** for failure to abide by the Court's orders. Kelly v. Montgomery Housing Authority, 2025 WL 221796 (M.D. Ala. 2025) ("Where a plaintiff fails to comply with an order to file an amended complaint to cure shotgun pleading issues, the case may be dismissed with or without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the court's inherent powers to ensure compliance with its orders."); Equity Lifestyle Properties, Inc. v. Fla. Mowing and Landscape Serv., Inc., 556 F.3d 1232, 1241 (11th Cir. 2009) ("A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.' Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123, 2132, 115 L.Ed.2d 27 (1991). The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order. Fed.R.Civ.P. 41(b). 'The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court.' Durham v. Fla. East Coast Ry. Co., 385 F.2d 366, 367 (5th Cir.1967)) (footnote omitted); Heard v. Nix, 170 F. App'x 618, 619 (11th Cir. 2006) ("Although pro se complaints must be liberally construed …such complaints still must comply with the procedural rules governing the proper form of pleadings[.]) (internal citations omitted).

B. Late filing

Herring and Mack argue that LeBlanc's Second Amended Complaint should be stricken as untimely because it was filed on March 21, 2025, at 0:19 a.m.  They argue that LeBlanc again failed to follow the Court's order and file on March 20, 2025, and that LeBlanc assumed the risk of waiting until the "last second" to file her pleading.  Herring and Mack also argue that LeBlanc's pleading should be stricken because she failed to follow the Rules of Civil Procedure.  They point out that LeBlanc did not move the Court for an extension of time before the deadline and did not move for permission to file late after the deadline.

In response to the motion to strike, LeBlanc explains that she is a night nurse and planned to file the pleading during her lunch break. She states that she "was delayed during the process because [she] did not know [she] would have to enter each of the additional defendants and [she] did not know the process of submitting them in the computer" (doc. 63).

LeBlanc further explains that

> The Plaintiff made good faith efforts to comply with the court's scheduling order. I called the court earlier in the day when I realized my complaint would not be completed by the time the court closed. I verified that I could complete my filing online and come in to court the next day to send summons to the defendants. I did not want to draw out this case further by requesting an extension of time to amend, feeling reasonably sure at that time that I would be able to complete the filing by midnight.

(Doc. 63).

Rule 6(b) applies to extensions of time.  The Rule sets forth as follows:

> (b) Extending Time.
>
> (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b).

The Court may extend the time for good cause and accept the untimely pleading if LeBlanc has shown excusable neglect. To do so, the Court may consider multiple factors, "including the danger of prejudice to the opposing party, the length of the delay and its impact on judicial proceedings, and the reason for the delay including whether it was within the reasonable control of the movant and whether the movant acted in good faith." Cole v. 3 Circle Church, Inc., No. 1:22-CV-99-TFM-N, 2024 WL 775494, at *5 (S.D. Ala. Feb. 26, 2024) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 395, 113 S.Ct. 1489 (1993)).

The Court finds that LeBlanc has shown excusable neglect for the late filing. A delay of 19 minutes past midnight does not impact the judicial proceedings or prejudice Mack and Herring. Arguably, the reason for the delay – the time required to enter the new defendants – was in LeBlanc's control because she could have started the process earlier in the day. However, LeBlanc has shown that she acted in a good faith attempt to timely file her pleading.

LeBlanc admitted that she did not file a motion for leave to extend because she "did not want to draw out this case further by requesting an extension of time to amend" and because she believed she could complete the filing before the deadline. **LeBlanc is reminded that proceeding *pro se* does not excuse her from following the same rules that counsel must follow.** See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a pro se litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders"); S.D. Ala. GenLR 83.5(a) ("[a]ll persons proceeding pro se shall be bound by, and must comply with, all Local Rules of this Court," as well as the applicable federal rules of procedure, "unless excused by Court order.").

C. Amending the pleadings

In her response, LeBlanc writes:

5. Legal Standards

> Under Federal Rule of Civil Procedure 15(a), amendments should be freely given when justice so requires. The opposing party is not substantially harmed by the several minute delay.

(Doc. 63, p. 2)

The Court declines to construe this reference to Rule 15(a), as a motion for leave to amend the pleading. Fed. R. Civ. P. 15(a)(2); S. D. Ala. Civ. LR 15.

**DONE** and **ORDERED** this 27th day of March 2025.

>  **s / Kristi K. DuBose**
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**