IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALLISON-KATHLEEN LeBLANC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 24-00209-KD-MU |
| | ) |
| MIS, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This action is before the Court on the Motion to Strike filed by Defendants Sheriff Huey Hoss Mack and Deputy Sheriff Clarence Herring (doc. 69) and the response filed by Plaintiff Allison-Kathleen LeBlanc (doc. 70). Upon consideration, and for the reasons set forth, Herring and Mack's Motion to Strike the amended Second Amended Complaint[1] is DENIED. Also, for the reasons set forth herein, Count 4 alleging slander, Count 7 alleging performing official acts without an approved bond, and Count 8 alleging theft, all against Defendant Clarence Herring, are dismissed for failure to state a claim upon which relief can be granted. [2]

As grounds for their Motion, Defendants Mack and Herring argue that LeBlanc routinely ignores, disregards, and fails to comply with the Court's orders, including the order to amend her Second Amended Complaint to rectify deficiencies in the first-filed Second Amended Complaint. They also argue that LeBlanc now adds constitutional claims which exceed the

---

[1] LeBlanc captioned the document "amended Second Amended Complaint". Defendants refer to it as her Third Amended Complaint. She was instructed to file "a Second Amended Complaint" (doc. 66). Thus, the Court refers to the document as the amended Second Amended Complaint

[2] Counts 1 through 3 remain pending against all Defendants and Counts 5 and 6 remain pending against Mack and Herring. Allowing these Counts to remain does not indicate the Court's position as to whether the Counts sufficiently plead a cause of action. At present, MIS, Inc. has filed a motion to dismiss. The Court anticipates that Mack and Herring will respond likewise.

Court's directive, that her claims are "still rooted in the foreclosure of Heindl's property" (doc. 69, p. 5) and that she has cost Defendants time and money to defend her frivolous pleadings.

LeBlanc argues that Defendants' characterization of her as disregarding the Court's orders is incorrect. She argues that she has diligently tried to comply but is not a lawyer and is trying her best. LeBlanc also argues that the constitutional claims in the amended Second Amended Complaint (doc. 67) do not exceed the Court's order to rectify deficiencies, but instead she was clarifying that Defendants' "actions resulted from the foreclosure of Heindl's home and the lawsuit filed by MIS, Inc. against Heindl and the LeBlancs, but these [constitutional] claims were specifically committed against" her (doc. 70).

Defendants Mack and Herring do not cite to any rule of procedure, statute, or case law in support of their motion. However, they move the Court to "strike and dismiss this action because of Plaintiff's blatant disregard for this Court's order" (doc. 69, p. 6). Thus, they appear to move pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Rule provides that a "defendant may move to dismiss the action or any claim against it" "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order" Fed. R. Civ. P. 41(b).

The Court finds no grounds to dismiss pursuant to Rule 41(b), at this time. Although LeBlanc has a history of difficulty complying with the rules of procedure and court orders, her amended Second Amended Complaint and her responses[3] to Defendants' two Motions to Strike indicate she is trying to learn the rules and comply. In her recent response, LeBlanc cites to Fed. R. Civ. P. 8 and lists the actions taken to correct the pleading deficiencies (doc. 70, p. 1, ¶¶ 1-4).

Also, review of the amended Second Amended Complaint (doc. 67) indicates that LeBlanc attempted to cure deficiencies identified in the Report and Recommendation (doc. 56). The Magistrate Judge explained that

---

[3] LeBlanc explained the circumstances which led to filing her original Second Amended Complaint (doc. 60) shortly after midnight (doc. 63).

> In pleading the second amended complaint, Plaintiff is cautioned that she must (1) comply with the pleading requirements of Rules 8(a) and 9 of the Federal Rules of Civil Procedure (particularly Rule 9(b) if alleging fraud); (2) include a factual background section setting forth, in separately numbered paragraphs and in plain and simple language, specific factual allegations in support of any claims asserted against these Defendants; (3) set forth in a separately numbered count each claim made, identify the specific defendants that each claim is made against, and set forth the specific acts and/or omissions of each defendant that supports each claim; and (4) exclude all generalized and immaterial facts, statements, and allegations that are not specifically related to her claims. See Nurse v. Sheraton Atlanta Hotel, 618 F. App'x 987, 988 (11th Cir. 2015). Plaintiff must also explain the grounds upon which she bases her claim that she has standing to pursue the claims set forth in her second amended complaint, as well as set forth facts supporting this Court's jurisdiction.

(Doc. 56, p. 14-15).

Review of the amended Second Amended Complaint (doc. 67) shows LeBlanc's attempt to comply. She pled with separately numbered paragraphs. Sections I through VI, include among others, a factual background section, a statement of jurisdiction and venue, and a section clarifying that she is the only plaintiff and Defendants MIS, Inc., Mack, and Herring are the only defendants. LeBlanc then separated her claims against the Defendants into eleven separately numbered Counts, which explain not only the claim but also identifies the defendant or defendants against whom the claim is alleged. LeBlanc did not incorporate by reference any prior paragraphs but instead set out a statement of the facts relevant to the claim.

Defendants also argue that the amended Second Amended Complaint "adds constitutional claims (first raised in Plaintiff's 'Notice' – Doc. 35.2 & 35.3)[4] and exceeds the Court's directives to rectify the deficiencies in the Amended Complaint." (doc. 69, p. 5). The Court disagrees. Although LeBlanc did not specifically invoke 42 U.S.C. § 1983 in her earlier complaints, she did allege in her Amended Complaint (doc. 6) that Herring, "under the command of" Mack "did forcibly remove" LeBlanc and her family "from the home and executed a search and seizure

---

[4] These documents were filed with LeBlanc's response (doc. 35) to Defendants' motion to dismiss. The documents are captioned "Violation Warning Denial of Rights Under Color of Law" and appear to have been sent to Mack and Herring to warn they violated LeBlanc's 2nd, 4th, and 5th Amendment rights and violated federal criminal statutes.

3

violating her 2nd and 4th Amendment rights" (Id.). The Magistrate Judge referenced this part of the Amended Complaint stating that "For example, the amended complaint contains the conclusory statement that Herring, under the command of Mack, 'executed a search and seizure violating her 2nd and 4th amendment rights,' but includes no fact that describe what Herring did, much less facts that support this conclusion." (doc. 56, p. 13-14). LeBlanc also alleged in her Amended Complaint that MIS, Inc. had violated her rights under the 5th Amendment by "seizing private property without just compensation or legal cause" (doc. 6, p. 3).

LeBlanc now clarifies the Defendants' conduct which she believes violated her 5th and 4th Amendment rights (doc. 67, Count One). That she also raises claims of conspiracy to violate her civil rights pursuant to 42 U.S.C. § 1985, does not exceed the scope of the Court's instructions for LeBlanc to rectify the deficiencies (doc. 60). Thus, the Court finds that Mack and Herring's motion to strike is due to be denied.

However, upon review of the amended Second Amended Complaint, the Court finds that LeBlanc has failed to state a claim upon which relief can be granted in Count 7 (Performing Official Acts without an Approved Bond) and Count 8 (Theft) (doc. 67, p. 16-17); Fed. R. Civ. P. 12(b)(6). In these Counts, LeBlanc alleges that Herring committed acts which violate state criminal law. She seeks his immediate termination without severance for failure to post a bond and compensatory damages of $6,500.00 for the theft. However, "[i]t is well established that private citizens can neither bring a direct criminal action against another person nor can they petition federal courts to compel the criminal prosecution of another person." Cooley v. Streeter, No. 1:18-00540, 2020 WL 4211287, at *13 (S.D. Ala. May 19, 2020) (citing Maine v. Taylor, 477 U.S. 131, 137 (1986) and Otero v. U.S. Atty. Gen., 832 F.2d 141, 141 (11th Cir. 1987)).

The Court also finds that Count 4 alleging slander against Herring fails to allege basic facts which could support a slander claim, and thus LeBlanc has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Slander, a form of defamation, "involves the oral expression of a defamatory comment." Corp. Am. Car Wash Sys. v. City of

Birmingham, 165 F. Supp. 3d 1117, 1127 (N.D. Ala. 2016) (citing Blevins v. W.F. Barnes Corp., 768 So.2d 386, 390 (Ala.Civ.App.1999) (""There are two types of defamation: libel, which involves the use of print media to publish the defamatory comment, and slander, which involves the oral expression of a defamatory comment."). "The elements of a defamation claim are the following: '1) a false and defamatory statement concerning the plaintiff; 2) an unprivileged communication of that statement to a third party; 3) fault amounting at least to negligence on the part of the defendant; and 4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication of the statement.'" Hambrick v. Spire Alabama, Inc., 367 So. 3d 1102, 1107 (Ala. Civ. App. 2022) (citation omitted).

      LeBlanc fails to allege that Herring made slanderous statements. Instead, she alleges that "Officers" of the Baldwin County Sheriff Office "slandered the names of the Plaintiff and her husband." (doc. 67, p. 15). She also alleges that "They labelled us 'Sovereign Citizen'", "They called us 'right wing'", that "Corporal Welch stated that they've 'been trying to get us for the last 2 years'" and that "They claimed that we must have stolen items on our property" (Id.).

      Also, LeBlanc fails to allege that Herring made an unprivileged communication to any third party. LeBlanc alleges that the Officers' body camera footage would support her allegations (Id.). But there is no allegation that the Officers published or communicated the body camera footage to any third-party. See Luxottica of America, Inc. v. Bruce, 389 So. 3d 1127, 1132 (Ala. 2023) ("The McDaniel/Burney rule has been applied to insulate legal entities and their employees from liability based on communications amongst those employees.").

      The following claims remain pending:

      Count One against all Defendants alleging "violation of rights under color of law" brought pursuant to 42 U.S.C. § 1983.

      Count Two against all Defendants alleging "conspiracy to interfere with civil rights" brought pursuant to 42 U.S.C. § 1985(3).

<u>Count Three</u> against Defendants Mack and Herring alleging "conspiracy to commit deprivation of equal protection of the law of an assumed political group" brought pursuant to 42 U.S.C. § 1985.

<u>Count Five</u> against Defendants Mack and Herring alleging "use of excessive force leading to deprivation of livelihood".

<u>Count Six</u> against Defendants Mack and Herring alleging "deprivation of liberty."

<u>Count Nine</u> against Defendant MIS, Inc., alleging "replevin".

<u>Count Ten</u> against Defendant MIS, Inc., alleging "conversion"

<u>Count Eleven</u> against Defendant MIS, Inc., alleging "destruction of property".

**DONE** and **ORDERED** this 22nd day of May 2025.

<u>s / Kristi K. DuBose</u>
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**