IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ALLISON KATHLEEN LEBLANC,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 24-00209-KD-MU |
| ) | |
| **MIS INC., et al.,** ) | |
| ) | |
| Defendants. ) | |

## ORDER

After due and proper consideration of all portions of the record deemed relevant to the issues raised, and a de novo determination of those portions of the Report and Recommendation to which objection (docs. 94, 93) is made, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) (doc. 91) is **ADOPTED, with modification,** as the opinion of this Court.

A. Modification

Footnote Four is modified to read "The Court notes that no recovery can be had against the Baldwin County Sheriff's Office because it is not a party to this action. And even if the BCSO was a party, no recovery can be had because a sheriff's department in Alabama lacks the capacity to be sued. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir.1992) (affirming dismissal of Jefferson County Sheriff's Department because "[u]nder Alabama law, a county sheriff's department lacks the capacity to be sued.") (Citation omitted).

B. Deputy Clarence Herring's objection

Defendant Deputy Herring objects to the finding in the Report and Recommendation that LeBlanc has sufficiently stated a claim for unreasonable seizure of her person and unreasonable search of her car (doc. 93). As to the latter claim, Herring makes no argument that the search of

the LeBlanc vehicle was reasonable or even related to the effort to execute the writ of possession of the real estate and ejectment of the occupants.

As to the claim for unreasonable seizure based on the handcuffing and detention of LeBlanc, Herring asserts "facts" with no evidence and argues that handcuffing a person that is being evicted was not firmly established as a constitutional violation (and in fact is not a violation). Herring, however, is incorrect. The law is firmly established that a temporary detention must, at least, be based on, as Herring acknowledges, a reasonable suspicion that the person poses a safety risk to the officer. LeBlanc's Complaint does not provide any facts that would support a safety risk. In fact, to the contrary, LeBlanc asserts she is a nurse and has never committed a crime. And there is no indication in the Complaint that she resisted the eviction on the day in question. Rather the Complaint implies that she complied with the officers' directives, readied her elderly mother to leave and then left the premises.

In an effort to establish a safety risk to the officers, Herring relies on the fact that LeBlanc states in the Complaint that her husband had a conviction. But a review of Leblanc's Complaint indicates she alleged that her husband "had a non-violent conviction for drug use 20 years ago" (doc. 67, p. 5).

Beyond that, Herring simply asserts, without evidence, that LeBlanc and her husband are sovereign citizens and that they were known (prior to the execution of the writ of possession) to have guns (doc. 93, p. 8-9). Herring concludes that these unsupported facts made the handcuffed detention of LeBlanc reasonable. But at this stage of the litigation, the Court must assume that the facts alleged in the Complaint, and all reasonable inferences, are true.

Reading the Complaint indicates that LeBlanc was handcuffed without a reasonable belief that she posed a safety risk to the officers. There is no indication in the Complaint that she resisted the eviction on the day in question, that she refused to follow orders, or that she or her husband exhibited any threat to the officers.

Deputy Herring is entitled to have qualified immunity determined as early as possible in the litigation. But when the facts of the Complaint could reasonably support a violation of a constitutional right, the defendant must challenge the allegations with supported facts before his entitlement to qualified immunity can possibly prevail. A writ of possession and/or ejection order does not provide officers an unrestricted right to search and seize. And while the officers are entitled to seize the real property at issue, and effectuate the removal of trespassers, the officers' actions must still be reasonable under the totality of the circumstances.

C. <u>Conclusion</u>

Accordingly, the motion to dismiss the Amended Second Amended Complaint filed by Defendants Sheriff Huey Mack and Deputy Clarence Herring (doc. 81) is GRANTED, in part, and DENIED, in part, as follows:

1. The motion to dismiss as to all claims asserted against Sheriff Mack in his official capacity is GRANTED and these claims are DISMISSED with prejudice.

2. The motion to dismiss as to all claims asserted against Sheriff Mack in his individual capacity is GRANTED and these claims are DISMISSED without prejudice.

3. The motion to dismiss as to Counts Two, Three, Five, and Six is GRANTED and these claims are DISMISSED without prejudice.

4. The motion to dismiss as to the § 1983 claims asserted against Deputy Herring, in his individual capacity, in Count One which are based upon an alleged violation of LeBlanc's Fourteenth Amendment due process rights is GRANTED and these claims are DISMISSED with prejudice.

5. The motion to dismiss as to the § 1983 claims asserted against Deputy Herring, in his individual capacity, in Count One which are based upon an alleged violation of LeBlanc's Fourth Amendment rights to be free from an unreasonable

search and seizure of her person and free from an unreasonable search of her vehicle is DENIED.

The Clerk is directed to terminate Sheriff Mack as a defendant in this action.

**DONE** and **ORDERED** this 9th day of January 2026.

s/ Kristi K. DuBose  
KRISTI K. DuBOSE  
UNITED STATES DISTRICT JUDGE